RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 1/18/08
BY GDB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| STATE FARM, et al | CIVIL ACTION NO. 07-1024 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| NORCOLD INC., et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

## MEMORANDUM ORDER

Before the court is plaintiff's motion to remand, **doc. # 20**, referred to me by the district judge for report and recommendation.

### Facts

This is a suit for damages against the manufacturer, Winnebago Industries, Inc. (Winnebago), and retail seller, Randy's Travel Town, Inc. (Randy's) of a recreational motor home, and the manufacturer of a refrigerator, Norcold, Inc. (Norcold), which was a component part of the home. Plaintiffs claim damages as the result of having paid insurance proceeds as a result of a fire which is alleged to have occurred due to a defect in the refrigerator. The case was filed in the 10th Judicial District Court, Natchitoches Parish, Louisiana. The homeowners, Charles and Cynthia Cloud, intervened as plaintiffs in the state court proceeding to recover their individual damages. The case was timely removed to this court by defendants, Winnebago and Norcold, based on diversity jurisdiction. In the notice of removal, defendants allege that the retail seller, Randy's, a Louisiana company, was fraudulently joined and its residence should be disregarded for purposes of diversity jurisdiction.

Plaintiffs filed this motion to remand asserting that he has alleged in the petition that Randy's, the retailer, knew or should have known of the defect in the motor home and failed to warn and that,

under Louisiana law, a non-manufacturer seller of a defective product is responsible if he knew or should have known the product was defective and failed to declare it. Plaintiffs also point out that Randy's was sued for redhibition under Louisiana law. Randy's was also sued for breach of warranty, strict liability and "products liability" but, because Randy's is not a manufacturer, it has no liability under the Louisiana Products Liability Act. Defendants argue that plaintiffs have made only conclusory allegations against Randy's and that plaintiffs have not shown a factual basis for predicting recovery against Randy's on either a tort or a redhibition theory.

## Legal Framework

The applicable statute, 28 U.S. § 1332(a), gives federal district courts original "diversity" jurisdiction over suits between citizens of different states if the amount each plaintiff seeks exceeds $75,000. 28 U.S. § 1332(a); Caterpillar v. Lewis, 519 U.S. 61, 62, 117 S.Ct. 467, 469 (1996). All plaintiffs must be diverse from all defendants for the court to have diversity jurisdiction. Exxon Mobil Corp. v. Allapattah Services, Inc., 125 S.Ct. 2611, 2635 (2005). Therefore, where one plaintiff and one defendant are from the same state, ordinarily federal courts have no jurisdiction under § 1332. However, any party may argue that such a case is removable on the basis that complete diversity *would* exist if not for the fact that the non-diverse parties have been improperly joined in the suit. "Improper Joinder" can be established by actual fraud in the pleading of jurisdictional facts, or an inability of a plaintiff to establish a cause of action against a defendant in state court. McKee v. Kansas City Southern Railway Co., 358 F.3d 329, 333 (5th Cir. 2004); Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003).

Defendants allege that plaintiffs have no reasonable possibility of recovery against the retailer, Randy's. Their burden of proof is a heavy one. See Ross v. Citifinancial, 344 F.3d 458, 463

(5th Cir. 2003); Travis, 326 F.3d at 648. Our inquiry is similar to that made when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim. Smallwood v. Illinois Central R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004). To prove fraudulent joinder, the defendants must put forth evidence that would negate a possibility of recovery against the non-diverse defendant(s). *Id.* All disputed questions of fact and ambiguities of law must be construed in the plaintiffs' favor. Travis, 326 F.3d at 648.

## Analysis

It is undisputed that the motor home was manufactured by Winnebago, the refrigerator by Norcold, and that Randy's sold the home to the purchaser, the Clouds. As mentioned, Randy's could not be liable under the Louisiana Products Liability Act (LPLA), for the Act establishes the exclusive theories of liability for manufacturers for damage caused by their products. Randy's does not meet the definition of manufacturer set forth in the Act. LSA-R.S. 9:2800.53 and the Act only applies to manufacturers.

Rather, plaintiff argues that Randy's is liable under a negligence theory under Article 2315 of the Louisiana Civil Code and a redhibition theory under Article 2545.

Under Louisiana law, a non-manufacturer seller of a product is not liable in tort absent a showing that it knew or should have known that the product was defective and failed to declare it. Wilson v. State Farm, 654 So.2d 385 (LaApp 3rd C., 1995), reh'g den., writ den., 661 So.2d 476 (La. 1995). However, unlike the manufacturer, it is not presumed to have knowledge of defects and a seller is not required to inspect a product to determine the possibility of non-apparent defects. Kelley v. Price-Macemon, Inc., 992 F.2d 1408 (5th Cir. 1993), cert. den., 114 S.Ct. 688 (1994); Hopper v. Crown, 555 So.2d 46 (La. App 1st Cir. 1989). There is no duty to warn against dangers which are

3

obvious or of which the buyer should be aware. Hopper, supra; Delanzo v. ABC Corp., 572 So.2d 648 (La. App. 5th Cir. 1990).

To prove liability for redhibition, plaintiffs would have to show that the product contained a defect at the time of sale which was not known to them. CC Articles 2520 and 2521.

Here, the plaintiffs have simply asserted legal conclusions as to the negligence of Randy's without alleging facts which would tend to predict recovery from it. See Hopper, supra; Strickland v. Brown Morris Pharmacy, Inc., 1997 WL 587760 (E.D.La. 1997). Although plaintiffs have alleged with particularity the basis for the redhibition claim, no summary judgment evidence has been submitted in support of the motion and to counter the affidavit evidence submitted by defendants.

Therefore, the parties are invited to provide summary judgment-type evidence on the impermissible joinder issue. See Hart v. Bayer Corp., 199F.3d 239 (5th Cir. 2000) and Carriere v. Sears, 893 F.2d 98 (5th Cir. 1990). The motion to remand will be held in abeyance for a period of 60 days during which time the parties may gather evidence and conduct limited discovery as to the jurisdictional issues. Within 60 days plaintiffs may file an additional brief limited to 15 pages. Defendant shall have 15 days thereafter to respond by brief and plaintiff 5 days to reply. Thereafter, a report and recommendation will issue to the district judge.

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 18th day of January, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE