UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| STATE FARM, et al | CIVIL ACTION NO. 07-1024 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| NORCOLD INC., et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is plaintiff's motion to remand, **doc. # 20**, referred to me by the district judge for report and recommendation. This motion was previously considered by me and I ordered limited discovery on the remand issue. Doc. #36.

Facts

This is a suit for damages against the manufacturer, Winnebago Industries, Inc. (Winnebago), and retail seller, Randy's Travel Town, Inc. (Randy's) of a recreational motor home, and the manufacturer of a refrigerator, Norcold, Inc. (Norcold), which was a component part of the home. Plaintiffs claim damages as the result of having paid insurance proceeds as a result of a fire which is alleged to have occurred due to a defect in the refrigerator. The defect alleged is an ammonia leak in the refrigerator which is claimed to have started the fire. The case was filed in the 10th Judicial District Court, Natchitoches Parish, Louisiana. The homeowners, Charles and Cynthia Cloud, intervened as plaintiffs in

the state court proceeding to recover their individual damages. The case was timely removed to this court by defendants, Winnebago and Norcold, based on diversity jurisdiction. In the notice of removal, defendants allege that the retail seller, Randy's, a Louisiana company, was fraudulently joined and its residence should be disregarded for purposes of diversity jurisdiction.

Plaintiffs filed this motion to remand asserting that he has alleged in the petition that Randy's, the retailer, knew or should have known of the defect in the motor home and failed to warn and that, under Louisiana law, a non-manufacturer seller of a defective product is responsible if he knew or should have known the product was defective and failed to declare it. Plaintiffs also point out that Randy's was sued for redhibition under Louisiana law. Randy's was also sued for breach of warranty, strict liability and "products liability" but, because Randy's is not a manufacturer, it has no liability under the Louisiana Products Liability Act. Defendants argue that plaintiffs have made only conclusory allegations against Randy's and that plaintiffs have not shown a factual basis for predicting recovery against Randy's on either a tort or a redhibition theory.

<u>Legal Framework</u>

The applicable statute, 28 U.S. § 1332(a), gives federal district courts original "diversity" jurisdiction over suits between citizens of different states if the amount each plaintiff seeks

2

exceeds $75,000. 28 U.S. § 1332(a); Caterpillar v. Lewis, 519 U.S. 61, 62, 117 S.Ct. 467, 469 (1996). All plaintiffs must be diverse from all defendants for the court to have diversity jurisdiction. Exxon Mobil Corp. v. Allapattah Services, Inc., 125 S.Ct. 2611, 2635 (2005). Therefore, where one plaintiff and one defendant are from the same state, ordinarily federal courts have no jurisdiction under § 1332. However, any party may argue that such a case is removable on the basis that complete diversity *would* exist if not for the fact that the non-diverse parties have been improperly joined in the suit. "Improper Joinder" can be established by actual fraud in the pleading of jurisdictional facts, or an inability of a plaintiff to establish a cause of action against a defendant in state court. McKee v. Kansas City Southern Railway Co., 358 F.3d 329, 333 (5th Cir. 2004); Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003).

Defendants allege that plaintiffs have no reasonable possibility of recovery against the retailer, Randy's. Their burden of proof is a heavy one. See Ross v. Citifinancial, 344 F.3d 458, 463 (5th Cir. 2003); Travis, 326 F.3d at 648. Our inquiry is similar to that made when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim. Smallwood v. Illinois Central R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004). To prove fraudulent joinder, the defendants must put forth evidence that would negate a possibility of recovery against the non-diverse defendant(s). *Id.* All disputed questions of fact and ambiguities of law must be

3

construed in the plaintiffs' favor. Travis, 326 F.3d at 648.

## Analysis

It is undisputed that the motor home was manufactured by Winnebago, the refrigerator by Norcold, and that Randy's sold the home to the purchaser, the Clouds. As mentioned, Randy's could not be liable under the Louisiana Products Liability Act (LPLA), for the Act establishes the exclusive theories of liability for manufacturers for damage caused by their products. Randy's does not meet the definition of manufacturer set forth in the Act. LSA-R.S. 9:2800.53 and the Act only applies to manufacturers.

Rather, plaintiffs argue that Randy's is liable under a negligence theory under Article 2315 of the Louisiana Civil Code and a redhibition theory under Article 2545 and under Article 2524.

Under Louisiana law, a non-manufacturer seller of a product is not liable in tort absent a showing that it knew or should have known that the product was defective and failed to declare it. Wilson v. State Farm, 654 So.2d 385 (LaApp 3rd C., 1995), reh'g den., writ den., 661 So.2d 476 (La. 1995). However, unlike the manufacturer, it is not presumed to have knowledge of defects and a seller is not required to inspect a product to determine the possibility of non-apparent defects. Kelley v. Price-Macemon, Inc., 992 F.2d 1408 (5th Cir. 1993), cert. den., 114 S.Ct. 688 (1994); Hopper v. Crown, 555 So.2d 46 (La. App 1st Cir. 1989). There is no duty to warn against dangers which are obvious or of which the buyer

4

should be aware. Hopper, supra; Delanzo v. ABC Corp., 572 So.2d 648 (La. App. 5th Cir. 1990). Plaintiff argues that the deposition of the owner of Randy's Travel Town, Randall Brazzell, shows that it knew of the defects in the Norcold refrigerator. However, a close reading of that deposition shows only that Brazzel had heard of RV refrigerators catching on fire due to an ammonia leak, but had no specific knowledge that there was a problem with the products he sold. He testified that he had been in the business for over 30 years and had sold approximately 30,000 RVs and had never had a fire on any of them from an ammonia leak. Brazzel's affidavit also makes clear that he had no knowledge of a defect in the RV prior to the sale. Further, the affidavits of representatives of both Norcold and of Winnebago prove that neither company notified Brazzel or Randy's Travel Town of a defect in the refrigerators prior to the sale. In summary, there is no evidence that Randy's Travel Town knew or should have known of a defect in the RV such that it would be liable as a non-manufacturing seller.

To prove liability for redhibition, plaintiffs would have to show that the product contained a defect at the time of sale which was not known to them. CC Articles 2520 and 2521. There is no evidence that the product contained a defect at the time of sale, and, in any event a claim for redhibition would have long ago prescribed. CC Art. 2534(A)(1). Similarly, any claim under CC article 2534 would also have prescribed. See Cunard Line Limited Co.

5

v. Datrex, Inc., 926 So.2d 109, 113 (La. App. 3rd C. 2006).

Therefore, I find that there is no reasonable possibility of recovery against Randy's Travel Town, complete diversity exists and therefore this case was properly removed to this court.

IT IS RECOMMENDED that Plaintiffs' motion to remand, doc. #20, be DENIED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 16th day of October, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE